UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DONALD RAY GRIGSBY, JR., | No. 2:18-cv-00447-KJM-GGH |
|---|---|
| Petitioner, | |
| v. | ORDER |
| ROBERT W. FOX, Warden, | |
| Respondent. | |

Petitioner brings this habeas petition acting in pro se. He has not, however, either sought in forma pauperis status nor has he paid the required court filing fee. As a result, if he wishes to proceed with an action he will be required either to seek in forma pauperis status or to pay said filing fee.

*PETITION*

Petitioner presents a well organized and well written petition. He states that he was convicted of grand theft exceeding $950 on January 29, 2016 and was sentenced to "4 years with 80 percent" on the same date. ECF No. 1 at 2. He does indicate that he has not appealed his conviction. Id. at 5. In response to the question whether he has sought "the highest level of administrative review available" he makes no response. He further denies filing "any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court" indicating that the inquiries are "not applicable" to his case. Id. at 6. Then at page 10 of

1

his petition he challenges the ruling of a Superior Court Judge to a writ of mandamus he purports to have pursued "for the sole purpose of asking the court 'to correct the exercise of discretion by (CDCR) implementing Proposition '57.'" That court converted the petition for one for habeas corpus.

In an Order denying habeas corpus, Solano Superior Court characterizes petitioner's argument as acclaim he was denied due process when the California Department of Corrections and Rehabilitation "refus[ed] to immediately release him" when he completed servicing the full term of his primary offense." Id. at 18.[1] The Superior Court found that the action requested was beyond its power as emanating from an executive branch decision into which the judicial branch could not venture, citing In re Lugo, 164 Cal.App.4th 1522, 1537 (2008). Id. at 19. Thereafter the First District Court of Appeal rejected the petitioner's action there for an inadequate record, Id. at 20, and the California Supreme Court denied his petition for the same reason. Id. at 21. The petitioner filed a new petition with the Supreme Court in a proper format, id. at 23-28, which the Supreme Court denied without opinion on February 14, 2018. Id. at 29. Two weeks later the instant petition was filed in this court.

In this court petitioner states the following propositions for the court to address:
Petitioner is well aware that Proposition '57' does not grant automatic release from prison, however petitioner's main concern is, ;why hasn't (CDCR) implemented a non-violent parole process for inmates who have already completed the full term of their primary sentence.'?

Nothing within Proposition '57' or section '32" Article 1 of the California Constitution authorizes the position now taken by (CDCR), that being deliberately delaying in implementing a 'non-violent parole process.'

ECF No. 1 at 11.

As a remedy he argues that

For keeping with the over all [sic] scheme or spirit of Proposition "57," this court must now construe that inmates who have already completed the full term of their primary

---

[1] Petitioner has attached state court decisions to which this court will grant judicial notice under Federal Rule of Evidence 201(b)(2) as "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

2

offense "shall" be eligible for release . . . [insofar as] (CDCR) has yet to develop or formulate any regulations regarding "non-violent" parole or Proposition "47."

Id. at 13, 14. This inaction, argues petitioner deprives him and other prisoners of a federal liberty interest, id. at 15, and requires the court to issue an order directing the CDCR to "adopt regulations in accordance with the voters [sic] intent." Id. at 16.

*DISCUSSION*

A.   *ACCESS TO RELIEF PURSUANT TO HABEAS CORPUS*

On November 8, 2016, the voters of California approved The Public Safety and Rehabilitation Act of 2016—Proposition ("Prop") 5. People v. Marquez, 11 Cal. App. 5th 816, 821 (2017).

Prop 57 amended the California Constitution to add Section 32 to Article I, making nonviolent adult offenders "eligible for parole consideration after completing the full term for [their] primary offense[s]." Cal. Const. art. I, § 32(a)(1). "Primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1)(A).

Section 32 directs the Department of Corrections to adopt regulations in furtherance of its provisions. Cal. Const., art. I, § 32(b). On April 13, 2017, temporary emergency regulations went into effect that, *inter alia*, provided for the referral of eligible inmates to the Board of Parole Hearings for Nonviolent Offender Parole Consideration, and the release of inmates approved for nonviolent-offender parole. Cal. Code Regs., tit. 15, §§ 2449.1–2449.5, 3490–93.[2]

---

[2] The actual text of the Constitutional provision reads as follows:

(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
    (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
        (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
    (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority

Cal. Const. art. I, § 32 (emphasis added).  The addition of § 32 to the California Constitution is the only change made to the adult criminal justice system in California as a result of Proposition 57.

The text of Proposition 57 does not provide for existing prisoners to be resentenced. Although the state court cases addressing application of Proposition 57 are all unpublished decisions, they have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." Daniels v. California Dep't of Corr. and Rehab., 2018 WL 489155, at *4 (E.D. Cal. 2018).

Thus it is clear that an action brought pursuant to the terms of Proposition 57 does not challenge the constitutional validity of petitioner's conviction or the sentence imposed as a result of that conviction.  A finding in plaintiff's favor, i.e., that he was wrongly denied consideration for parole consideration pursuant to Proposition 57, would not necessarily impact the duration of his confinement.  See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (*en banc*).

By bringing his action in habeas corpus, his petition must meet the requirements of the jurisdiction constraints imposed by 28 U.S.C. section 2254 on an action brought by a prisoner in a state prison.  That statute, however, speaks to a petitioner who challenges his incarceration due to a violation of his federal Constitutional rights and seeks release from said incarceration. Section 2254(a) makes this quite clear insofar as it states that "...a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody of a State court *only on the ground that he is in custody for violation of the Constitution of laws or treaties of the United States."* (Emphasis added.)  See Smith v. Philips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only *convictions obtained in violation of some provision*

---

to award credits earned for good behavior and approved rehabilitative or educational achievements.
(b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32 (emphasis added). The addition of § 32 to the California Constitution is the only change made to the adult criminal justice system in California as a result of Proposition 57.1

4

*of the United States Constitution.*")(*Emphasis added*); Rice v. Spearman, 2015 WL 1097331, *4 (C.D. 2015)("To the extent petitioner seeks habeas relief on the ground that he was wrongly denied a sentence reduction under Cal[.] Penal Code § 1170.126, his claim is not cognizable.[3]

Thus this matter cannot proceed as a habeas corpus case. But this finding does not altogether preclude further action by petitioner.

### B.  TREATMENT OF PRO SE LITIGATION

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. Wilhelm v. Beard, 2018 WL 1806753 (E.D.Cal. 2018). It is possible that petitioner desires to bring a civil action to address his concerns; he may be attempting to bring suit against not just respondent, but also a doctor employed by the state. He may, therefore have a potential claim against this and perhaps other state officers pursuant to 42 U.S.C. section 1983.

Petitioner states that he has been deprived of a liberty interest, cognizable as a due process violation under the Fourteenth Amendment to the federal Constitution. He may, therefore have a potential claim against this and perhaps other state officers pursuant to 42 U.S.C. section 1983. Given the deference that must be given to pro se litigants as discussed above in the screening section of this Order, see Haines v. Kerner, supra, the court will here indulge this possibility.[4]

////

////

---

[3] Habeas corpus in state actions is broader in scope than federal habeas corpus actions.

[4] Although Daniels, supra, found in its case that no liberty interest existed, the undersigned notes here that unlike previous parole eligibility cases where a petitioner/plaintiff was alleging that no substantial evidence existed to justify his denial of parole eligibility, see, e.g., Swarthout v. Cooke, 562 U.S. 216 (2011), and hence there was no actionable violation of a liberty interest, the issue here is whether a liberty interest was created for the sole purpose of requiring a hearing in the first instance. This may be a different issue that presented by Swarthout.

5

C.  *42 U.S.C. SECTION 1983*

Section 1983 provides:

> Every person who, under color of [state law]...subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution...shall be liable to the party injury in an action of law suit in equity, or other proper proceeding for redress.

The purpose of section 1983 is to give effect to the Fourteenth Amendment to the federal Constitution which states, in principal part that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Thus, in order to state a claim under section 1983 the plaintiff must plead and prove (1) state action (2) which deprived him of a federal right or interest, and (3) this deprivation did not include constitutionally sufficient notice and an opportunity to be heard before the deprivation was complete. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982), i.e., he must describe conduct that allegedly caused deprivation of a federal right that can be fairly attributable to the state. American Mfrs. Mutual Ins. Co. v. Sullivan, 527 U.S. 40, 50 (1999); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). In other words, there must be action taken pursuant to state, or federal, law and significant state involvement in the action taken. Sullivan, supra, at 50, n.9.

The facts stated about governmental action in the petition speak of failure to act by the CDCR, without naming any government official specifically. Petitioner must identify an individual government official, perhaps the head of that entity, to perfect his argument. There may also be other officials who petitioner may believe played a part in the denial of the right to review so long as they specifically took part in the claimed offensive action – in this care rather a failure to act.

If petitioner determines to replead under 42 U.S.C. section 1983 he must conform his pleading to the dictates of Federal Rule of Civil Procedure 8(a)(2) which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

6

defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Bell Atlantic, supra, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, supra, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled o.g.*, Davis v. Scherer, 468 U.S. 183 (1984).

Further, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

*CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. The petition for habeas corpus is DISMISSED with leave to amend to state a civil rights claim;

2. Petitioner may, in 45 days from the date of this Order, file an amended complaint that conforms to the terms of this Order;

////

////

3. Failure to file an amended complaint will result in a recommendation that the petition be dismissed without leave to amend.

Dated: April 30, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE