UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY GRIGSBY, JR, <br><br> Petitioner, <br><br> v. <br><br> ROBERT W. FOX, Warden, <br><br> Respondent. | No. 2:18-cv-00447-KJM-GGH <br><br> ORDER |

  Petitioner appearing pro se filed a petition for a writ of habeas corpus on February 28, 2018. ECF No. 1.

  On April 30, 2018, the magistrate judge issued an order dismissing the petition for habeas corpus with leave to amend to state a civil rights claim as provided by the order within 45 days from the date of the order's filing. ECF No. 5. In response the petitioner filed a motion on May 24, 2018 seeking a 60 to 90 day extension of time to act in accordance with the order. ECF No. 6. The court granted the extension to August 10, 2018, and directed plaintiff to seek IFP status using an application being forwarded to him if he wished to proceed in that status and notify the Clerk of his change of address. ECF No. 7. No response was received from petitioner.

/////

1

On August 27, 2018, the court issued findings and recommendations that recommended the petition be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey the order of the court.  Petitioner was given 30 days after service of the order to file any objections to the findings and recommendations, with a warning that the failure to object could waive his right to appeal any ultimate order from the district court.  ECF No. 8.  Again, no response was received from petitioner.

The court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires this court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).  The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id.* (citation and internal quotation marks omitted).  The standard "requires something more than the absence of frivolity but something less than a merits determination." *Id.* (internal quotation marks omitted).

For the reasons set forth in the findings and recommendations, reasonable jurists could not find it debatable that petitioner is not entitled to federal habeas corpus relief on any of the claims raised in his petition.  Accordingly, the court will not issue a certificate of appealability.

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. The petition is DISMISSED without leave to amend;

2. No certificate of appealability shall be issued; and

3. The Clerk of the Court shall close this case.

IT IS SO ORDERED.

DATED: December 17, 2018.

_____
UNITED STATES DISTRICT JUDGE